**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 20 CR 812 |
| | ) | |
| MICHAEL McCLAIN, et al. | ) | Honorable Harry D. Leinenweber |
| | ) | |

**DEFENDANT PRAMAGGIORE'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S UNDER SEAL MOTION *IN LIMINE* TO EXCLUDE
OR LIMIT TESTIMONY AND EVIDENCE RELATED TO
DEFENDANTS' CHARACTER TRAITS AND HABITS**

The Government, with no knowledge of the testimony Ms. Pramaggiore will seek to

introduce through her witnesses, has attempted to prematurely thwart her right to present her

defense. The Government bases its motion on speculation regarding the content of the testimony

Ms. Pramaggiore will seek to elicit from her witnesses based on questions the Government itself

asked those witnesses. Ms. Pramaggiore has made *no* representations to the Government or to

the Court as to any of these witnesses' intended testimony. The Government's motion *in limine*

should therefore be denied as premature until the evidence is presented at trial and the Court has

had an opportunity to consider the nature and context of the evidence and apply the relevant law

to the facts at issue.

Nevertheless, there can be no question that Ms. Pramaggiore is entitled to elicit testimony

of her character. *See* Fed. R. Evid. 404(a); 405. "[A]n accused has the right to offer evidence of

good character . . . to show that [s]he was unlikely to have acted in the manner and with the

intent charged in the indictment." *United States v. Lewin*, 467 F.2d 1132, 1139 (7th Cir. 1972);

*see also Michelson v. United States*, 335 U.S. 469, 476 (1948) (testimony of good character

alone "may be enough to raise a reasonable doubt of guilt"); *United States v. Staggs*, 553 F.2d

1073, 1075-76 (7th Cir. 1977) (evidence of a defendant's pertinent character trait is relevant to show that the defendant lacked the requisite mental state for a specific intent crime or to corroborate that the defendant's version of events), *implicitly overruled on other grounds by United States v. Ricketts*, 146 F.3d 492, 497 (7th Cir. 1998). Rule 405(a) permits a defendant to prove her pertinent character traits through reputation or opinion evidence. Ms. Pramaggiore has been charged with acting "corruptly" and with willfully falsifying documents and circumventing internal controls. (*See, e.g.*, Indictment at 11-12 ¶ 2(a)-(c).) Her character for honesty, integrity, and "law-abidingness" is undoubtedly pertinent. *Michelson*, 335 U.S. at 483 ( "[T]he traits of 'honestly and truthfulness' and 'being a law-abiding citizen'" seem "incompatible with offering a bribe"); *United States v. Williams*, 900 F.3d 486, 490 (7th Cir. 2018) (explaining that courts generally interpret "character evidence" to mean "elements of one's disposition, such as honesty, temperance, or peacefulness"); *In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003) ("Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offenses.") (collecting cases).

Should Ms. Pramaggiore seek to elicit character testimony, she will do so consistent with the principles underlying Rule 405. Her questions would be limited to the following three topics: (1) how the witness came to know Ms. Pramaggiore and what contact they have had with her; (2) whether the witness has an opinion as to Ms. Pramaggiore's pertinent traits of honesty, integrity, and law-abidingness; and (3) what that opinion is. These topics fall squarely within the bounds of permissible opinion character evidence. *See United States v. Hough*, 803 F.3d 1181, 1192 (11th Cir. 2015) (A traditional character witness direct examination "elicit[s] testimony about how the witness [knows] the defendant, how long the witness ha[s] known the defendant,

and what the witness' opinion of the defendant's character for the pertinent trait [is]."); *see also* Fed. R. Evid. 404, 405.

The Government's motion seeks to prematurely limit responses to these questions based on what it learned from its own interviews of potential witnesses, arguing that Ms. Pramaggiore will "elicit testimony about specific acts under the guise of explaining the basis for, or laying the foundation for, the witness's testimony." (Dkt. 207 at 9.) But as the Government recognizes, a character witness must be qualified "to speak with authority" about the defendant's character. *Michelson*, 335 U.S. at 478. The Government cites no authority for the proposition that character witnesses can be prohibited from truthfully testifying about how they came to know the defendant's character. (Dkt. 207 at 9 (citing Advisory Committee Note to Rule 405 and *United States v. White*, 737 F.3d 1121, 1137 (7th Cir. 2013), both of which stand for the unremarkable principle that specific acts generally cannot be used to prove the pertinent character traits).) Indeed, the law specifically requires that this foundation be laid by asking the witnesses questions establishing their basis for opinions about the defendant's pertinent character traits. *See United States v. Bedonie*, 913 F.2d 782, 802 (7th Cir. 1990). The Government's premature and speculative motion should be denied.

## CONCLUSION

For the reasons stated above, the Government's motion should be denied.

 DATED: April 10, 2023                           Respectfully submitted,

                                                 /s/ *Scott R. Lassar*
                                                 Scott R. Lassar
                                                 Daniel C. Craig
                                                 Jennifer M. Wheeler
                                                 Emily A. Woodring
                                                 Joan E. Jacobson
                                                 SIDLEY AUSTIN LLP

One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dcraig@sidley.com
jwheeler@sidley.com
ewoodring@sidley.com
joan.jacobson@sidley.com

*Attorneys for Defendant Anne Pramaggiore*

4