DRAFT AS OF 4.23.2023

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 20 CR 812 |
| v. | Hon. Harry D. Leinenweber |
| MICHAEL McCLAIN, ANNE PRAMAGGIORE, JOHN HOOKER, and JAY DOHERTY | |

## JURY INSTRUCTIONS

DRAFT AS OF 4.23.2023

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved each of the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

INSTRUCTION NO. 1

DRAFT AS OF 4.23.2023

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that defendants Michael McClain, Anne Pramaggiore, John Hooker, and Jay Doherty committed three crimes. First, the indictment charges that defendants McClain, Pramaggiore, Hooker, and Doherty conspired to commit the offenses of corruptly soliciting things of value, corruptly giving and offering to give things of value, and circumventing internal accounting controls and falsifying books, records, or accounts of ComEd and Exelon. Second, the indictment charges that defendants McClain, Pramaggiore, Hooker and Doherty corruptly offered and agreed to give things of value. Third, the indictment charges that defendants McClain, Pramaggiore, Hooker and Doherty falsified the books and records of ComEd and Exelon.

The defendants have pled not guilty to the charges. The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

INSTRUCTION NO. 2

DRAFT AS OF 4.23.2023

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his or her innocence. He or she is not required to produce any evidence at all.

INSTRUCTION NO. 3

DRAFT AS OF 4.23.2023

You must make your decision based only on the evidence that you saw and heard here in court.  Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.  A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  If what a lawyer said is different from the evidence as you remember it, the evidence is what counts.  The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper.  If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

INSTRUCTION NO. 4

DRAFT AS OF 4.23.2023

Give the evidence whatever weight you decide it deserves.  Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists.  This is called an inference.  You are allowed to make reasonable inferences, so long as they are based on the evidence.

INSTRUCTION NO. 5

DRAFT AS OF 4.23.2023

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

INSTRUCTION NO. 6

DRAFT AS OF 4.23.2023

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

INSTRUCTION NO. 7

DRAFT AS OF 4.23.2023

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

INSTRUCTION NO. 8

DRAFT AS OF 4.23.2023

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony, including that of a defendant.  You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

INSTRUCTION NO. 9

DRAFT AS OF 4.23.2023

It is proper for an attorney to interview any witness in preparation for trial.

INSTRUCTION NO. 10

DRAFT AS OF 4.23.2023

You have heard evidence that before the trial, non-party witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a non-party witness's testimony was here in court.

INSTRUCTION NO. 11

DRAFT AS OF 4.23.2023

You have heard testimony from Fidel Marquez, Will Cousineau, and Edward Moody, who:

- were promised, received, or expected a benefit in return for their testimony or cooperation with the government, and/or

- pled guilty to being involved in one of the crimes the defendants are charged with committing. You may not consider Mr. Marquez's guilty plea as evidence against a defendant.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

INSTRUCTION NO. 12

DRAFT AS OF 4.23.2023

You heard recordings that included statements made by cooperating witness Fidel Marquez. Fidel Marquez began cooperating on January 16, 2019. The statements Mr. Marquez made before cooperating may be considered for their truth. However, you should not consider the statements Mr. Marquez made after January 16, 2019, as evidence that what he said is actually true; you can consider Mr. Marquez's statements to place in context and help you understand the conversations and the statements made by the defendants in these recordings.

INSTRUCTION NO. 12.1

DRAFT AS OF 4.23.2023

Omitted.

INSTRUCTION NO. 13

DRAFT AS OF 4.23.2023

Omitted.

INSTRUCTION NO. 14

DRAFT AS OF 4.23.2023

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

INSTRUCTION NO. 15

DRAFT AS OF 4.23.2023

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence even though the underlying documents are not here.

It is up to you to decide how much weight to give to the summaries and charts.

INSTRUCTION NO. 16

DRAFT AS OF 4.23.2023

Omitted.

INSTRUCTION NO. 16.1

DRAFT AS OF 4.23.2023

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

INSTRUCTION NO. 17

DRAFT AS OF 4.23.2023

You have heard evidence obtained from the government's use of an informant and deceptive investigative techniques. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

INSTRUCTION NO. 18

DRAFT AS OF 4.23.2023

The indictment charges that the crimes happened "in or around" or "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates alleged. The government is not required to prove that the crimes happened on those exact dates.

INSTRUCTION NO. 19

DRAFT AS OF 4.23.2023

The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

INSTRUCTION NO. 19.1

DRAFT AS OF 4.23.2023

Even though the defendants are being tried together, you must consider each defendant separately.  Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning the other defendants.

INSTRUCTION NO. 20

DRAFT AS OF 4.23.2023

You may have noticed during the trial that counsel for the various defendants have consulted with each other and have divided the work of the trial in order to facilitate their presentation and avoid an undue waste of time and effort. You are not to consider the fact that defense counsel have consulted and cooperated with each other as having any significance in your determination of the issues in this case. You should disregard it entirely during your deliberations.

INSTRUCTION NO. 20.1

DRAFT AS OF 4.23.2023

A person who acts on behalf of a corporation also is personally responsible for what he does or causes someone else to do. However, a person is not responsible for the conduct of others performed on behalf of a corporation merely because that person is an officer, employee, or other agent of a corporation.

INSTRUCTION NO. 20.2

DRAFT AS OF 4.23.2023

A person may be found guilty of an offense by knowingly aiding, counseling, commanding, inducing, or procuring the commission of the offense if he knowingly participated in the criminal activity and tried to make it succeed.

In order for you to find a defendant guilty of each Count on this basis, the government must prove each of the following elements beyond a reasonable doubt:

1. The crime alleged in each Count was committed, as set forth on pages [xx] of these instructions.

2. The defendant participated in the criminal activity and tried to make it succeed.

3. The defendant did so knowingly.

INSTRUCTION NO. 20.3

DRAFT AS OF 4.23.2023

If a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

A defendant's association with persons involved in a crime or criminal scheme is not sufficient by itself to prove his or her participation in the crime or membership in the criminal scheme.

INSTRUCTION NO. 20.4

DRAFT AS OF 4.23.2023

You should not speculate why any other person or company whose name you may have heard during the trial or who is referenced in the indictment is not currently on trial before you.

INSTRUCTION NO. 21

DRAFT AS OF 4.23.2023

During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of a reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

INSTRUCTION NO. 22

DRAFT AS OF 4.23.2023

You heard evidence concerning codes of conduct and compliance policies issued by Exelon. Evidence that a defendant violated a corporate code of conduct or compliance policy is not, standing alone, sufficient to convict a defendant. A company's codes of conduct and compliance policies are not the same as federal criminal law, so even if you were to find that a defendant violated a code of conduct or compliance policy, that does not necessarily mean that there was a violation of the criminal law. You must apply the law that I give you and the government must prove violations of federal law beyond a reasonable doubt.

INSTRUCTION NO. 22.1

DRAFT AS OF 4.23.2023

<u>Count One</u>

Count One of the indictment charges the defendants with conspiracy. In order for you to find a defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.      The conspiracy as charged in Count One existed;

2.      The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3.      One of the conspirators committed an overt act in an effort to advance a goal of the conspiracy on or after November 18, 2015.

An overt act is any act done to carry out the goals of the conspiracy. An overt act may itself be a lawful act. The government is not required to prove all of the overt acts charged in the indictment.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to any defendant, then you should find that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to any defendant, then you should find that defendant not guilty.

INSTRUCTION NO. 23

DRAFT AS OF 4.23.2023

<u>Count One – Definition of Conspiracy</u>

A "conspiracy" is an expressed or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

INSTRUCTION NO. 24

DRAFT AS OF 4.23.2023

<u>Count One – Membership in a Conspiracy</u>

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he or she does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he or she knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

A conspiracy must include at least two members, neither of whom is a government agent. Fidel Marquez cannot be considered a member of the conspiracy on or after the date he began cooperating with law enforcement.

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

INSTRUCTION NO. 25

DRAFT AS OF 4.23.2023

<u>Count One – Objects of Conspiracy</u>

Count One charges a conspiracy to commit several different offenses.

First, Count One charges a conspiracy to commit the offense of corruptly soliciting things of value. The offense of corruptly soliciting things of value is committed when:

1.      A person is an agent of a State government;

2.      That person solicits, demands, accepts or agrees to accept something of value from another person;

3.      That person does so corruptly, that is, with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties;

4.      That person acted with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions involving legislative activity of the State of Illinois government;

5.      This business, transaction, or series of transactions involving legislative activity involves a thing of value of $5,000 or more; and

6.      The government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.

DRAFT AS OF 4.23.2023

Second, Count One charges a conspiracy to commit the offense of corruptly giving and offering to give things of value. The offense of corruptly giving and offering to give things of value is committed when:

1.     A person gives, offers or agrees to give things of value to another person;

2.     That person does so corruptly with the intent to influence or reward an agent of State government in connection with some business, transaction, or series of transactions involving legislative activity of the State of Illinois government;

3.     This business, transaction, or series of transactions involving legislative activity involved a thing of value of $5,000 or more; and

4.     The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance.

For purposes of this offense, a person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of State government in connection with the agent's official duties.

DRAFT AS OF 4.23.2023

Third, Count One charges a conspiracy to commit the offense of falsifying books, records, or accounts of ComEd and Exelon. This offense is committed when:

1.      A company is an issuer;

2.      A person falsifies, or causes the falsification of, the books, records, or accounts of the company;

3.      The books, records, or accounts of the company were of the type that were required to accurately and fairly reflect in reasonable detail the transactions and dispositions of the assets of ComEd or Exelon; and

4.      The person acts knowingly and willfully, as defined in these instructions.

DRAFT AS OF 4.23.2023

Fourth, Count One charges a conspiracy to commit the offense of circumventing a system of internal accounting controls. This offense is committed when:

1. A company is an issuer;

2. A person circumvents a system of internal accounting controls; and

3. The person acts knowingly and willfully, as defined in these instructions.

INSTRUCTION NO. 26

DRAFT AS OF 4.23.2023

Each issuer is required to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1) transactions were executed in accordance with management's general or specific authorization;

(2) transactions were recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; and

(3) access to assets was permitted only in accordance with management's general or specific authorization.

INSTRUCTION NO. 26.1

DRAFT AS OF 4.23.2023

## Count One – Unanimity

It is not necessary for the government to prove that the defendant you are considering conspired to commit all of these offenses. It is sufficient if the government proves that the defendant you are considering conspired with a conspirator to commit at least one of these offenses. You must agree unanimously on at least one offense a defendant agreed to commit.

For example, if some of you were to find that the government has proved beyond a reasonable doubt that the defendant you are considering conspired to corruptly give and offer things of value, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant conspired to falsify books and records, then there would be no unanimous agreement on which object of the conspiracy the government has proved. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant conspired to corruptly give and offer things of value, then there would be a unanimous agreement on the particular object of the conspiracy that the government proved.

INSTRUCTION NO. 27

DRAFT AS OF 4.23.2023

Counts Two, Five, Six, and Eight
Bribery Concerning Federally Funded Programs – Elements

Counts Two, Five, Six, and Eight of the indictment charge the defendants with corruptly offering and agreeing to give things of value. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      That the defendant offered or agreed to give, or caused ComEd to offer, or agree to give, a thing of value to another person; and

2.      That the defendant did so corruptly with the intent to influence or reward an agent of State government in connection with some business, transaction, or series of transactions involving legislative activity of the State of Illinois government; and

3.      That this business, transaction, or series of transactions involving legislative activity involved a thing of value of $5,000 or more; and

4.      The State government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance.

For purposes of this offense, a person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of State government in connection with the agent's official duties.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count.

DRAFT AS OF 4.23.2023

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant not guilty of that count.

INSTRUCTION NO. 28

DRAFT AS OF 4.23.2023

<u>Definition of Official Duty</u>

**GOVERNMENT PROPOSAL**

No instruction.

**DEFENDANT DOHERTY'S PROPOSAL**

Any decision or action on any question, matter, cause, suit proceeding or controversy, which may at any time be pending, or which may by law be brought before the public official, in such official's official capacity, or in such official's place of trust or profit. Things such as setting up a typical meeting, calling another public official, or hosting a meeting, without more, are not uses of one's official duty. Activities associated with the Democratic Party are not within the scope of a legislator's official duties.

INSTRUCTION 28.1

<u>Government's Position:</u>

The government objects to Defendant Doherty's proposed instruction because it improperly raises the question of what constitutes an official act for purposes of proving a *quid pro quo*, which, as the court has previously ruled (consistent with Seventh Circuit precedent) is not an element of the charged offenses. Dkt. 83 at 15. Second, the proposed definition inaccurately equates the definition of "official acts," which was at issue in *McDonnell v. United States*, 579 U.S. 550, 567 (2016), with that of "official duties." Further, the proposed definition does nothing to resolve the concerns the Court raised in its April 20, 2023 ruling rejecting the prior proposed iteration of this instruction, namely, that the term "official duty" is defined negatively. Tr. 5017-5021.

<u>Defendant Doherty's Position:</u>

The law does not support a finding that everything a public official does qualifies as his official duty, and the jury should not be left to speculate what might qualify as an official duty and what might not. Currently, no definition of "official duty" exists in

the Seventh Circuit pattern instructions; however, the Seventh Circuit Pattern Instruction Committee has observed in its Comments that "the Supreme Court interpreted what constitutes an 'official act' for purposes of three bribery laws" and, while recognizing that 18 U.S.C. § 666 does not use the term "official act", as in § 201, has advised that "lawyers and judges should consider the impact of *McDonnell v. United States* on 18 U.S.C. § 666 cases." *See* 7th Cir. Pattern Instruction 18 U.S.C. § 666(a)(1)(B), Committee Comment (citing *McDonnell v. United States*, 579 U.S. 550, 567 (2016)); *see also id*. at 18 U.S.C. § 666(a)(2), Committee Comment. *McDonnell* considered what would not be an official act and held that "setting up a meeting, calling another public official, or hosting an event does not, standing alone, qualify as an 'official act.'" *McDonnell*, 579 U.S. at 567.

In addition, relying on *McDonnell*, the Fourth Circuit in *United States v. Lindberg,* 39 F.4th 151, 174 (4th Cir. 2022) found that the term any "business" in §666 does not mean that the 'business or transaction' element 'encompasses nearly any activity by a public official. The relevant business will vary depending on the business of the entity on whose behalf the agent is authorized to act. Thus, the qualifying business should be something relatively concrete and circumscribed like an action item rather than a broad policy goal.

The proposed definition is an accurate statement of the law and will avoid juror confusion and improper conviction.

DRAFT AS OF 4.23.2023

<u>Counts Two, Five, Six, and Eight – Agent</u>

An agent is a person who is authorized to act on behalf of a State government, including an employee, officer, or representative.

The agent need not have exclusive control over the business, transaction, or series of transactions; influence is sufficient.

INSTRUCTION NO. 29

DRAFT AS OF 4.23.2023

Counts Two, Five, Six, and Eight
Bribery Concerning Federally Funded Programs – Bona Fide Compensation

Bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value given, offered or agreed to be given by a defendant.

The Government must prove, beyond a reasonable doubt, that the jobs, contracts and monetary payments, as charged in the indictment, were not bona fide salary, wages, fees or other compensation paid in the usual course of business.

INSTRUCTION NO. 30

Defendant Doherty proposed adding the language in red. The government objects to defendant Doherty's addition to the Pattern Instruction for 18 U.S.C. § 666(c) as unnecessary; the Pattern Instruction is sufficient.

DRAFT AS OF 4.23.2023

Counts Two, Five, Six, and Eight
<u>Lobbying</u>

## GOVERNMENT PROPOSAL

The government proposes no instruction, but if an instruction were to be given, the government proposes the following:

Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level.

Under Illinois law, state public officials are not permitted to accept gifts from a lobbyist or someone who is seeking official action or if to do so would violate federal law. Under state law, gifts include any gratuity, discount, entertainment, hospitality, loan, forbearance, or other tangible or intangible item having monetary value including, but not limited to, cash, food and drink, and honoraria for speaking engagements related to or attributable to government employment or the official position of an employee, member, or officer.

## DEFENDANTS' PROPOSAL

Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level.

Illinois law defines influencing as any communication, action, reportable expenditure, or other means used to promote, support, affect, modify, oppose, or delay

DRAFT AS OF 4.23.2023

any executive, legislative, or administrative action or to promote goodwill with public

officials.

INSTRUCTION NO. 30.1

Government's Position:

The government submits that defendants' proposed Lobbying instruction should not be given: it is not a pattern instruction, and the government has not suggested that lobbying is unlawful. Moreover, defendants' formulation of the instruction is misleading because Illinois law does not permit lobbyists to give gifts to public officials except for under limited, enumerated circumstances. 5 ILCS 430.

Defendants' Position:

Defendants object that these changes are inaccurate, misleading, and confusing.

DRAFT AS OF 4.23.2023

## GOVERNMENT PROPOSAL

No instruction.

## DEFENDANTS' PROPOSAL

It is legal to give a thing of value to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future.

INSTRUCTION NO. 30.2

The Court has twice ruled to refuse an instruction on defendant's proposed definition of goodwill, and defendants provide no reason why the Court should overturn its prior ruling. Dkt. 101 at 7; 4/20/23 Tr. 5030-5033. Moreover, defendants improperly seek to inject a quid pro quo instruction in disguise, also contrary to the Court's prior rulings. *See, e.g.*, Dkt. 83 at 15.

DRAFT AS OF 4.23.2023

You have heard evidence concerning campaign contributions made by ComEd and others to various public officials. This evidence was introduced to show relationships, not as evidence of a crime. There are no allegations that such campaign contributions were illegal or intended to bribe Michael Madigan.

INSTRUCTION NO. 30.3

DRAFT AS OF 4.23.2023

Counts Three, Four, Seven, and Nine
<u>False Books, Records, and Accounts</u>

Counts Three, Four, Seven, and Nine of the indictment charge the defendants with falsifying books, records, and accounts of ComEd and Exelon. In order for you to find a defendant you are considering guilty of each particular count, the government must prove each of the following elements beyond a reasonable doubt:

1.      At the time of the alleged offense, ComEd and Exelon were issuers.

2.      The defendant falsified, or caused ~~the falsification of~~ someone else to falsify the books, records, or accounts of ComEd or Exelon in the matter specified in the particular count of the indictment.

3.      The books, records, or accounts were of the type that were required to accurately and fairly reflect in reasonable detail the transactions and dispositions of the assets of ComEd or Exelon.

4.      The defendant acted knowingly and willfully, as defined in these instructions.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering for the particular defendant you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering for the particular defendant you are considering, then you should find the defendant not guilty of that count.

DRAFT AS OF 4.23.2023

## INSTRUCTION NO. 31

Defendants propose the redline revisions to the government's version of the Instruction. The government opposes these changes as unnecessary. Regarding falsification of records, the government further objects to the proposed change as inaccurate because records are often generated electronically based on system inputs, rather than by an individual person.

DRAFT AS OF 4.23.2023

Omitted.

INSTRUCTION NO. 31.1

DRAFT AS OF 4.23.2023

Counts Three, Four, Seven, and Nine
Unanimity as to False Books, Records, or Accounts

In Counts Three, Four, Seven, and Nine, the government has alleged that the defendants falsified books, records, or accounts. In order for each defendant to be found guilty, you must agree unanimously on which specific book, record, or account was falsified for each defendant as to each count, as well as all of the other elements of the crime charged.

INSTRUCTION NO. 31.2

DRAFT AS OF 4.23.2023

Omitted.

INSTRUCTION NO. 32

DRAFT AS OF 4.23.2023

Instruction No. 33 has been condensed and moved to Instruction No. 26.1.

INSTRUCTION NO. 33

DRAFT AS OF 4.23.2023

## Definition of Knowingly

A person acts knowingly if he or she realizes what he or she is doing and is aware of the nature of his or her conduct, and does not act through ignorance, mistake or accident.  In deciding whether the defendant acted knowingly, you may consider all the evidence, including what the defendant did or said.

INSTRUCTION NO. 34

DRAFT AS OF 4.23.2023

<u>Definition of Willfully</u>

A person acts willfully if he or she acts knowingly and with the intent to do something he or she knows is against the law. The government is not required to prove that the defendant knew that his or her actions violated any particular law.

INSTRUCTION NO. 35

DRAFT AS OF 4.23.2023

Omitted.

INSTRUCTION NO. 35.1

DRAFT AS OF 4.23.2023

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

INSTRUCTION NO. 36

DRAFT AS OF 4.23.2023

Instruction No. 37 was moved to Instruction No. 20.3

INSTRUCTION NO. 37

DRAFT AS OF 4.23.2023

~~A defendant charged with a crime alleged in~~ Counts Two through Nine of the indictment charge defendants with crimes that the indictment alleges were committed by another member of the conspiracy. In order for you to find the defendants guilty of these charges, ~~may also be found guilty of that crime if the government~~ must proves ~~each~~ of the following four elements beyond a reasonable doubt:

1. The defendant was a member of the conspiracy alleged in Count One when the crime was committed;

2. Another member or members of the same conspiracy committed the crime charged in Count Two, Three, Four, Five, Six, Seven, Eight, or Nine during the time that the defendant was also a member of the conspiracy;

3. The other conspirator or conspirators committed the crime to advance the goals of the conspiracy; and

4. It was reasonably foreseeable to the defendant that other conspirators would commit the crime charged in Count Two, Three, Four, Five, Six, Seven, Eight, or Nine in order to advance the goals of the conspiracy. The government is not required to prove that the defendant actually knew about the crime charged in Count Two, Three, Four, Five, Six, Seven, Eight, or Nine or that the defendant actually realized that this type of crime would be committed as part of the conspiracy.

DRAFT AS OF 4.23.2023

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from you consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty as to that charge.

INSTRUCTION NO. 38

Defendants propose the redlined changes to the government's proposed instruction. The government objects to the revisions to the first paragraph as mischaracterizing the Indictment. The Indictment does not charge that someone else committed the crimes charged in Counts Two through Nine; rather, the government is pursuing alternative theories of direct and *Pinkerton* responsibility, as discussed in the Committee Comment to Bauer Pattern Instruction 5.12. The government objects to the additional proposed changes as unnecessary. As set forth in the commentary to the Pattern Instruction, in addition to reading the above instruction, the Court should explain to the jury that this instruction is offered as an alternative basis of liability for the charges in Counts Two through Nine. *See* Pattern Instruction 5.11, Committee Comments ("If the government pursues alternative theories of direct responsibility and *Pinkerton* responsibility, the trial judge should explain in this instruction that it is offered as an alternate basis for liability on the particular charge(s).")

DRAFT AS OF 4.23.2023

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury, and you should identify yourself only by your juror number. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

DRAFT AS OF 4.23.2023

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

INSTRUCTION NO. 39

DRAFT AS OF 4.23.2023

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial. If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

INSTRUCTION NO. 40

DRAFT AS OF 4.23.2023

Verdict forms have been prepared for you.  You will take these forms with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms.  Each of you will sign them with your name and juror number.  The verdict forms will be redacted and placed under seal.

Advise the court security officer once you have reached a verdict.  When you come back to the courtroom, I will read the verdicts aloud.

INSTRUCTION NO. 41

DRAFT AS OF 4.23.2023

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

INSTRUCTION NO. 42

DRAFT AS OF 4.23.2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL McCLAIN

No. 20 CR 812

Hon. Harry D. Leinenweber

## **VERDICT FORM**
**Michael McClain**

On **Count One** of the indictment, we, the jury, find defendant Michael McClain:

☐ Not Guilty ☐ Guilty

On **Count Two** of the indictment, we, the jury, find defendant Michael McClain:

☐ Not Guilty ☐ Guilty

On **Count Three** of the indictment, we, the jury, find defendant Michael McClain:

☐ Not Guilty ☐ Guilty

On **Count Four** of the indictment, we, the jury, find defendant Michael McClain:

☐ Not Guilty ☐ Guilty

On **Count Five** of the indictment, we, the jury, find defendant Michael McClain:

☐ Not Guilty ☐ Guilty

On **Count Six** of the indictment, we, the jury, find defendant Michael McClain:

☐ Not Guilty ☐ Guilty

DRAFT AS OF 4.23.2023

On **Count Seven** of the indictment, we, the jury, find defendant Michael McClain:

☐ Not Guilty          ☐ Guilty

On **Count Eight** of the indictment, we, the jury, find defendant Michael McClain:

☐ Not Guilty          ☐ Guilty

On **Count Nine** of the indictment, we, the jury, find defendant Michael McClain:

☐ Not Guilty          ☐ Guilty

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

_____
Date

DRAFT AS OF 4.23.2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ANNE PRAMAGGIORE

No. 20 CR 812

Hon. Harry D. Leinenweber

## **VERDICT FORM**
**Anne Pramaggiore**

On **Count One** of the indictment, we, the jury, find defendant Anne Pramaggiore:

☐ Not Guilty ☐ Guilty

On **Count Two** of the indictment, we, the jury, find defendant Anne Pramaggiore:

☐ Not Guilty ☐ Guilty

On **Count Three** of the indictment, we, the jury, find defendant Anne Pramaggiore:

☐ Not Guilty ☐ Guilty

On **Count Four** of the indictment, we, the jury, find defendant Anne Pramaggiore:

☐ Not Guilty ☐ Guilty

On **Count Five** of the indictment, we, the jury, find defendant Anne Pramaggiore:

☐ Not Guilty ☐ Guilty

On **Count Six** of the indictment, we, the jury, find defendant Anne Pramaggiore:

☐ Not Guilty ☐ Guilty

DRAFT AS OF 4.23.2023

On **Count Seven** of the indictment, we, the jury, find defendant Anne Pramaggiore:

☐     Not Guilty          ☐     Guilty

On **Count Eight** of the indictment, we, the jury, find defendant Anne Pramaggiore:

☐     Not Guilty          ☐     Guilty

On **Count Nine** of the indictment, we, the jury, find defendant Anne Pramaggiore:

☐     Not Guilty          ☐     Guilty

_____     _____
FOREPERSON

_____     _____


_____     _____


_____     _____


_____     _____


_____     _____

_____
Date

DRAFT AS OF 4.23.2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JOHN HOOKER

No. 20 CR 812

Hon. Harry D. Leinenweber

## **VERDICT FORM**
### **John Hooker**

On **Count One** of the indictment, we, the jury, find defendant John Hooker:

☐ Not Guilty ☐ Guilty

On **Count Three** of the indictment, we, the jury, find defendant John Hooker:

☐ Not Guilty ☐ Guilty

On **Count Four** of the indictment, we, the jury, find defendant John Hooker:

☐ Not Guilty ☐ Guilty

On **Count Seven** of the indictment, we, the jury, find defendant John Hooker:

☐ Not Guilty ☐ Guilty

On **Count Eight** of the indictment, we, the jury, find defendant John Hooker:

☐ Not Guilty ☐ Guilty

On **Count Nine** of the indictment, we, the jury, find defendant John Hooker:

☐ Not Guilty ☐ Guilty

DRAFT AS OF 4.23.2023

## **<u>VERDICT FORM</u> (continued)**
**John Hooker**

_____      _____

FOREPERSON

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____

Date

DRAFT AS OF 4.23.2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JAY DOHERTY

No. 20 CR 812

Hon. Harry D. Leinenweber

## **VERDICT FORM**
### **Jay Doherty**

On **Count One** of the indictment, we, the jury, find defendant Jay Doherty:

☐ Not Guilty ☐ Guilty

On **Count Three** of the indictment, we, the jury, find defendant Jay Doherty:

☐ Not Guilty ☐ Guilty

On **Count Four** of the indictment, we, the jury, find defendant Jay Doherty:

☐ Not Guilty ☐ Guilty

On **Count Seven** of the indictment, we, the jury, find defendant Jay Doherty:

☐ Not Guilty ☐ Guilty

On **Count Eight** of the indictment, we, the jury, find defendant Jay Doherty:

☐ Not Guilty ☐ Guilty

On **Count Nine** of the indictment, we, the jury, find defendant Jay Doherty:

☐ Not Guilty ☐ Guilty

DRAFT AS OF 4.23.2023

## **VERDICT FORM (continued)**
### **Jay Doherty**

_____        _____

FOREPERSON

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____

Date