UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 20 CR 812 |
| | ) | |
| MICHAEL McCLAIN, et al. | ) | Honorable Manish S. Shah |
| | ) | |

**DEFENDANTS' JOINT MOTION TO STAY ALL PROCEEDINGS**

On February 10, 2025, President Trump promulgated Executive Order 14209 (the "Order"), attached hereto as Exhibit A, which narrows the Attorney General's enforcement priorities with respect to the Foreign Corrupt Practices Act. Entitled *Pausing Foreign Corrupt Practices Act Enforcement to Further American Economic and National Security*, the Order states the FCPA "has been systematically, and to a steadily increasing degree, stretched beyond proper bounds[.]" Ex. A, 90 Fed. Reg. 9587, 9587 § 1. Pursuant to the Order, the Attorney General must "**review in detail all existing FCPA** investigations or **enforcement actions** and take appropriate action with respect to such matters to restore proper bounds on FCPA enforcement[.]" (*Id.* § 2(a)(ii)) (emphasis added). The Order further states that, after the Attorney General issues revised guidelines or policies governing investigations and enforcement actions under the FCPA, "**FCPA investigations and enforcement actions initiated or continued . . . must be specifically authorized by the Attorney General**." (*Id.* § 2(c), (c)(ii)) (emphasis added).

The Order applies to this case. The FCPA counts asserted against Defendants in this case constitute an "existing FCPA . . . enforcement action" subject to the Order (*Id.* § 2(c)(ii)), as no final judgment in the case has yet issued, and the convictions on the FCPA counts are subject to Defendants' pending Joint Motion for Reconsideration. (ECF No. 381).

To conserve judicial and party resources, Defendants respectfully request this Court stay proceedings in this case and defer its ruling on the pending Motion for Reconsideration until the Attorney General issues the revised guidelines or policies required by the Order, and decides whether it will "specifically authorize" the Government to continue prosecuting the FCPA counts in this case.[1]

Every court has an "inherent" power "to control the disposition of the causes on its docket," which includes a "power to stay proceedings." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The exercise of this power is warranted where the "economy of time and effort for [the court], for counsel, and for litigants" and the balancing the relative benefits and hardships lean in favor of a stay. *See id.* at 254, 259.

It is not unusual for federal courts to stay proceedings when—as here—a new presidential administration issues an executive order requiring an agency to review and revise its priorities. *See Env't Comm. of Fla. Elec. Power Coordinating Grp., Inc. v. EPA*, 94 F.4th 77, 87 (D.C. Cir. 2024) (describing D.C. Circuit's grant of an abeyance to give a new Presidential administration time to reconsider its challenged enforcement position); Stay Order, ECF. Nos. 81-82 in *California v. Council on Env't Quality*, No. 3:20-cv-06057-RS (N.D. Cal. Feb. 12, 2021) (unpublished) (granting agreed stay to allow agency time to review existing rule and determine how to proceed in pending litigation in light of an executive order), attached hereto as Ex. C; Stay Order, ECF. No. 65 at 2 in *Env't Just. Health All. v. Council on Env't Quality*, No. 1:20-cv-06143-JLR (S.D.N.Y. Feb. 16, 2021) (unpublished) (granting agreed stay to permit agency "additional time to

---

[1] Before filing this Motion, Defendants conferred with the Government to (1) seek confirmation whether this case will be referred to the Attorney General for the "review in detail" directed by the Order, and (2) invite the Government to join this Motion in light of the Order. The Government declined to confirm whether it will refer this case and declined to join the Motion. *See* Feb. 14, 2024 Email from A. Bhachu to D. Craig, attached hereto as Ex. B.

review" existing rule in light of an executive order while the agency was in the "process of onboarding new officials"), attached hereto as Ex. D.

The interests of judicial economy warrant staying all proceedings in this case until the Attorney General issues the revised guidelines or policies required by the Order and decides whether to specifically authorize the Government to continue prosecuting the FCPA counts alleged in the Indictment. The Attorney General's mandated review of "all existing FCPA investigations or enforcement actions," (90 Fed. Reg. 9587 § 2(a)(ii)), its mandated issuance of "updated guidelines or policies," (*Id*. § 2(a)(iii)), and its determination of whether to "specifically authorize[]"continuing this enforcement action after such updated guidelines or policies are issued, (*Id*. § 2(c)(ii)), will have a direct bearing on how this case proceeds with respect to any remaining FCPA counts. There is a substantial risk that judicial resources will be wasted, and that Defendants will be subjected to needless criminal prosecution, if a stay is not entered and the Attorney General later declines to continue prosecuting the FCPA counts in light of its updated guidelines or policies.

There is reason to think the Attorney General's updated guidelines or policies will not prioritize enforcing the FCPA counts in this case, which are predicated on the statute's books-and-records provisions rather than on any allegation of foreign bribery. Five days before President Trump promulgated the Order, the Office of the Attorney General issued a memorandum declaring that "[t]he Criminal Division's Foreign Corrupt Practices Act Unit shall prioritize investigations related to foreign bribery that facilitates the criminal operations of Cartels and TCOs [Transnational Criminal Organizations], and shift focus away from investigations and cases that do not involve such a connection." Memorandum, *Total Elimination of Cartels and Transnational Criminal Organizations* at 4 (Office of the Attorney General, Feb. 5, 2025), attached hereto as Ex. E. The memorandum indicates that "bribery of foreign officials to facilitate human smuggling and

3

the trafficking of narcotics and firearms" are examples of the types of cases that will be prioritized under the new administration's leadership. *Id*. The FCPA charges brought against Defendants in this case do not implicate the bribery of foreign officials to facilitate human smuggling nor the trafficking of narcotics and firearms, so they fall outside the categories that the Attorney General has directed prosecutors to prioritize.

The balance of relative hardships and benefits between the parties here weighs heavily in favor of granting a stay. If the Attorney General determines that the FCPA charges in this case should not proceed, any expenditure of effort by the Court and the parties to address those counts will be wasted. As to the parties, Defendants should not be required to expend additional resources to defend against the FCPA counts while the Attorney General considers whether those counts should proceed at all. The Government, by contrast, will suffer no hardship if a stay is imposed. There can be no public interest in continuing proceedings that the Government has not made a final determination that it will pursue.

For the foregoing reasons, Defendants respectfully request a stay of all proceedings in this matter, including resolution of the pending Motion for Reconsideration, until the Attorney General issues the revised guidelines or policies required by the Order and decides whether to specifically authorize the Government to continue prosecuting the FCPA counts alleged in the indictment.

DATED: February 17, 2025                     Respectfully submitted,

/s/ *Patrick J. Cotter*                      /s/ *Scott R. Lassar*
Patrick J. Cotter                            Scott R. Lassar
UB GREENSFELDER LLP                          Daniel C. Craig
200 West Madison Street, Suite 3300          Jennifer M. Wheeler
Chicago, IL 60606                            Emily R. Woodring
Telephone: (312) 345-5088                    Joan E. Jacobson
pcotter@greensfelder.com                     SIDLEY AUSTIN LLP
                                             One South Dearborn

4

David P. Niemeier
UB GREENSFELDER LLP
10 South Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 241-9090
dpn@greensfelder.com

*Attorneys for Defendant Michael McClain*

/s/ *Michael D. Monico*
Michael D. Monico
Barry A. Spevack
Jacqueline S. Jacobson
Hannah Russell
MONICO & SPEVACK
53 West Jackson Blvd., Suite 1315
Chicago, IL 60604
Telephone: (312) 782-8500
mm@monicolaw.com
bspevack@monicolaw.com
jjacobson@monicolaw.com
hrussell@monicolaw.com

Susan Pavlow
53 West Jackson Blvd., Suite 1550
Chicago, IL 60604
Telephone: (312) 322-0094

*Attorneys for Defendant John Hooker*

Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dcraig@sidley.com
jwheeler@sidley.com
ewoodring@sidley.com
joan.jacobson@sidley.com

*Attorneys for Defendant Anne Pramaggiore*

/s/ *Gabrielle R. Sansonetti*
Gabrielle R. Sansonetti
LEINENWEBER, DAFFADA, &
SANSONETTI
120 N. LaSalle Street, Suite 2000
Chicago, Illinois 60602
(773)716-6117(c)
gabrielle@ilesq.com

Michael P. Gillespie
GILLESPIE AND GILLESPIE
53 West Jackson Blvd., Suite 1062
Chicago, IL 60604
Telephone: (312) 588-1281
michael@gillespieandgillespielaw.com

*Attorneys for Defendant Jay Doherty*

5